T.C. Memo. 1997-357


UNITED STATES TAX COURT


RICHARD A. AND JANICE S. ADAMS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17020-96.                    Filed August 4, 1997.


Richard A. and Janice S. Adams, pro se.

Bonnie L. Cameron, for respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Carleton D. Powell pursuant to section 7443A(b)(4) and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below.

### OPINION OF THE SPECIAL TRIAL JUDGE

POWELL, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioners' 1993 Federal income tax in the amount of $9,935 and an accuracy-related penalty under section 6662(a) in the amount of $1,987.  Petitioners resided in Decatur, Georgia, at the time they filed their petition.

The sole issue is whether Richard A. Adams (petitioner) is entitled to exclude a payment received from his former employer, IBM, from gross income pursuant to section 104(a)(2).

The facts may be summarized as follows.  Petitioner was employed by IBM in 1956.  As part of IBM's publicized downsizing petitioner was retired on September 30, 1993.  The next day petitioner was employed by a joint venture between IBM and Eastman Kodak (Kodak) that became Technology Service Solutions (TSS).  TSS apparently had been a service section of IBM that was eliminated from the corporate structure by forming the partnership with Kodak.  Thus, for example, most, if not all, of petitioner's co-employees and supervisors came from IBM.  In addition, it appears that petitioner kept several IBM corporate credit cards while at TSS.

---

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

When petitioner left IBM, he received a lump-sum payment of $36,105.50 pursuant to the terms of an IBM U.S. Marketing and Services Company Transition Payment Program (MSTP).  In order to receive the MSTP petitioner was required to execute a "General Release and Covenant Not To Sue" (the Release).  Under the Release, in consideration for the MSTP, petitioner

> agrees to release * * * [IBM] and its benefits plans
> from all claims, demands, actions or liabilities you
> may have against IBM of whatever kind, including but
> not limited to those which are related to your
> employment with IBM, the termination of that employment
> or other severance payments or your eligibility or
> participation in the Retirement Bridge Leave of
> Absence. * * * You also agree that this release covers,
> but is not limited to, claims arising from the Age
> Discrimination in Employment Act of 1967, as amended,
> Title VII of the Civil Rights Act of 1964, as amended,
> and any other federal, state or local law dealing with
> discrimination in employment, including but not limited
> to discrimination based on sex, race, national origin,
> religion, disability, veteran status or age.  You also
> agree that this release includes claims based on
> theories of contract or tort, whether based on common
> law or otherwise.

Petitioner suffered no injury or sickness at the time that he was retired.

Petitioners did not include the $36,105.50 in their taxable income for 1993.  Petitioners, however, attached a Form 8275, Disclosure Statement, and a copy of the Release to their joint Federal income tax return for 1993.  These documents reflect the facts of the payment.  Upon examination, respondent determined that the $36,105.50 was includable in gross income.

Discussion

Section 61(a) defines gross income broadly as "all income from whatever source derived". Gross income specifically includes compensation for services. Sec. 61(a)(1). Exclusions from income are matters of legislative grace and are construed narrowly. Commissioner v. Schleier, 515 U.S. 323, 328 (1995); Mostowy v. United States, 966 F.2d 668, 671 (Fed. Cir. 1992). A taxpayer seeking an exclusion from income must be able to point to an applicable statute and show that he comes within its terms.

Section 104(a)(2) excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". The phrase "damages received" is further defined as "an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Sec. 1.104-1(c), Income Tax Regs. Thus, to qualify for the exclusion, the taxpayer must satisfy a two-prong test. The taxpayer must show that (1) the cause of action giving rise to the recovery is "based upon tort or tort type rights" and (2) the damages were received "on account of personal injuries or sickness." Commissioner v. Schleier, supra at 337. If a settlement is attributable to claims based on tort or tort type rights as well as other rights, the taxpayer bears the burden of establishing which portion of the settlement is attributable to damages received based upon tort or tort type rights. Similarly,

if the settlement may be attributable to damages received for personal injuries or sickness as well as other damages, the taxpayer bears the burden of establishing which portion of the settlement is attributable to damages received for personal injuries or sickness. <u>Whitehead v. Commissioner</u>, T.C. Memo. 1980-508; see also Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

Petitioner's argument resembles a cat trying to scale a blackboard: he has nothing to set his claws into. First, petitioner does not point to any injury or sickness that he has suffered. Rather, he contends that, since IBM paid him for the Release, there must have been some injury and it is for the Court to discern the injury. While we may strive to be clairvoyant, this is, indeed, beyond our powers. Furthermore, while wrongful employment termination possibly may result in personal injury, generally the amount of lost wages received in such cases is not linked to that personal injury, and, therefore, such an award will not qualify for the exclusion from gross income provided in section 104(a)(2). <u>Commissioner v. Schleier</u>, <u>supra</u> at 330. Here, there is not even a settlement for or a demonstrated personal injury or sickness.

Second, even if we were to assume an injury or sickness, petitioner has not shown which portion, if any, of the payment was received in settlement of tort or tort type claims. The Release relieves IBM from liability from some claims that are not

based on tort or tort type rights, including contract claims, claims under the Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. 90-202, 81 Stat. 602, as amended 29 U.S.C. secs. 621-634 (1988), and claims under title VII of the Civil Rights Act of 1964, Pub. L. 88-352, 78 Stat. 241, 253, as amended 42 U.S.C. secs. 2000e-1 to -17 (1988).  See, e.g., Commissioner v. Schleier, supra at 336 (holding that settlements for claims made under the ADEA are not based on tort or tort type rights for purposes of section 104(a)(2)); United States v. Burke, 504 U.S. 229, 241 (1992) (holding awards of back wages under title VII do not redress tort-like personal injury within the meaning of section 104(a)(2)).  Failure to show the specific amount of the payment allocable to the claims of tort or tort-type damages for personal injuries results in the entire amount being presumed not to be excludable.  See Taggi v. United States, 35 F.3d 93, 96 (2d Cir. 1994); Getty v. Commissioner, 91 T.C. 160, 175-176 (1988), affd. as to this issue and revd. on other issues 913 F.2d 1486 (9th Cir. 1990).

Petitioner also argues that his employment with IBM never actually ceased.  Even if we assume that this is true, the argument leads nowhere.  Underlying this argument is petitioner's view that only "severance pay" is taxable.  But, petitioner must show that there is some provision in the Internal Revenue Code that exempts the amount that he received from taxation.  Clearly section 104(a)(2) does not.  Petitioner does not point to, and we

are unaware of, any other section providing such an exemption under these facts. Regardless of how the amount received from IBM is characterized, it cannot escape the broad provisions of section 61.

Respondent also determined that petitioners are liable for an accuracy-related penalty under section 6662(a) for a substantial underpayment of tax. Section 6662(a) imposes a penalty in an amount equal to 20 percent of the portion of an underpayment to which that section applies. Section 6662(b)(2) provides that the penalty shall apply to any substantial underpayment due in tax.[2] There is a substantial underpayment if the amount of the underpayment exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). If, however, the taxpayer discloses the relevant facts on the return and there is a reasonable basis for the position, the penalty does not apply. Sec. 6662(d)(2)(B)(ii). Petitioners attached Form 8275, Disclosure Statement, and a copy of the Release to their return. Those documents reflect the facts of the payment. In deciding whether there was a reasonable basis for petitioners' position, we bear in mind that petitioners' return was filed before the Supreme

---

[2] Respondent's trial memorandum argues that the sec. 6662(a) penalty was attributable to negligence. The notice of deficiency refers to an underpayment penalty. Even if we were to consider the issue of negligence, our conclusion would be the same for the reasons subsequently stated herein.

Court's opinion in <u>Commissioner v. Schleier</u>, <u>supra</u>. Prior to that time there was confusion concerning the scope of section 104. Indeed, even in the wake of <u>Commissioner v. Schleier</u>, <u>supra</u>, there is continuing litigation concerning releases similar to that executed here. See, e.g., <u>Brennan v. Commissioner</u>, T.C. Memo. 1997-317; <u>Morabito v. Commissioner</u>, T.C. Memo. 1997-315; <u>Keel v. Commissioner</u>, T.C. Memo. 1997-278; <u>Webb v. Commissioner</u>, T.C. Memo. 1996-50; <u>Elpi v. United States</u>, Civil No. 3:96CV00315 (D. Conn., June 12, 1997). While petitioners' position may be wrong, we cannot say that it was unreasonable considering the confusion in this area of the law. Accordingly, we do not sustain the section 6662(a) penalty.

<u>Decision will be entered for respondent with respect to the deficiency and for petitioners with respect to the penalty under section 6662(a)</u>.